IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 3:11-cr-00113 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| | ) | |
| WILLIAM BATTLE | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion for Early Termination of Supervised
Release (Doc. No. 88, "Motion"), wherein Defendant asks the Court to terminate his three-year
term of supervised release, almost eighteen months of which he has served. The Government has
responded in opposition to the Motion. (Doc. No. 93).

**I. Background**

On October 22, 2012, Defendant pled guilty in this Court to one count of possession of a
firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Doc. No. 44). On
January 14, 2013, United States District Judge Todd Campbell sentenced Defendant to a term of
115 months' imprisonment and a three-year term of supervised release. (Doc. No. 49). In June
2019, Defendant was released from BOP custody and promptly began serving his term of
supervised release. *See* Inmate Locator, Federal Bureau of Prisons,
https://www.bop.gov/inmateloc/ (last accessed Feb. 18, 2021).

**II. Legal Standard**

Section 3583(e)(1) of Title 18, United States Code, permits early termination of supervised
release, after the expiration of one year of supervised release, if the Court is satisfied that such
action "is warranted by the conduct of the defendant released and the interest of justice." Factors

to be considered in granting early termination include, to the extent applicable in a particular case: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education nor vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Furthermore, federal judicial policy directs courts to consider the presence or absence of the following additional circumstances when evaluating the appropriateness of early termination of supervised release: stable community reintegration; progressive strides toward supervision objectives; no aggravated underlying convictions; no history of violence; no recent arrests, convictions, alcohol or drug abuse; and no identifiable risk to public safety. *Guide to Judiciary Policy*, Vol. 83 § 380.10(b) (2010).

### III. Analysis

i. Defendant's Position

Defendant asks the Court to terminate his three-year term of supervised release nearly a year and a half early, after his service of only half of it. Defendant asserts that he merits early termination of his supervised release because he "has passed any and all drug screens that have been administered, has made his scheduled appointments and has been in compliance with all of

2

the terms of his supervised release[.]" (Doc. No. 88 at 2-3).  Defendant also relies on what he represents as his successful reintegration into his community and the fact that he has maintained stable employment while on supervised release. (*Id*. at 3).

Defendant also explains that he "struggles with his mental health and, early on in his supervised release, his continued treatment and medication was a source of friction with Probation. However, since approximately January of 2020, [Defendant] has been in full compliance with his mental health treatment and medication. (*Id*. at 3). Defendant represents that the United States Probation Office ("USPO") "could not agree to an early termination of [Defendant's] supervised release." (*Id*. at 2).

ii. The Government's Position

The Government opposes early termination of Defendant's supervised release. (Doc. No. 93). The Government argues that "the defendant is not being stymied by his current supervision, but rather is being provided needed support and structure; and he could certainly benefit from further supervision, particularly continued mental health treatment, and should continue in that capacity." (*Id*. at 2). The Government also asserts that "given the defendant's serious and extensive criminal history covering more than two decades ([Presentence Investigation Report, "PSR"), ¶¶ 10, 26-57) and the violent conduct associated with his instant conviction (PSR, ¶¶ 3-7), continued supervision is both appropriate and necessary." (*Id*.). Therefore, the Government contends that Defendant "should be required to complete the full three-year term and continue with his mental health treatment in order to maximize the benefits of supervision." (*Id*. at 3).

iii. The Court's Analysis

The Court finds that this case is not one suitable for early termination of supervised release. Defendant is right to rely on his passing all drug screens, his making all scheduled appointments,

and his compliance with all terms of his supervised release; these are essentially requisites for early termination. But although necessary for early termination, they are not sufficient, and the Court needs to consider Defendant's circumstances as a whole.

Significantly, Defendant himself notes his own struggles with mental health. (Doc. No. 88 at 3). He also explains that his medication and prior treatment of his mental health (or lack thereof) was a "source of friction" between him and USPO early on in his supervision. (*Id.*) However, Defendant maintains that he has been compliant with his mental health treatment and medication since January 2020. (*Id.*). The Court finds that Defendant will likely benefit from further supervision and the accompanying support services and structure provided by USPO, as he has before. Thus, the Court finds that continued supervision serves the need to provide Defendant with "medical care . . . in the most effective manner." 18 U.S.C. § 3553(a).

Further, in consideration of the additional § 3553(a) factors (and the lack of support for early termination of supervised release by USPO), the Court finds those factors collectively weigh against granting Defendant early termination of supervised release. The Court notes that Defendant himself admits to currently struggling in a vital area, *i.e.*, mental health. To put the matter frankly, in the Court's view, early termination of supervised release is for supervisees who are not struggling—at least, not struggling beyond the garden-variety "struggles" persons in this country face as a natural part of navigating life—but rather are thriving. Early termination for someone facing a significant struggle is particularly inappropriate after a mere 18 months, particularly following a sentence as long as Defendant's was—115 months (prior to any reduction as credit for good-time served).

The Court does not mean to minimize the importance of Defendant's largely compliant behavior on supervised release, and greatly commends Defendant for his ability to eschew non-

4

compliant behavior. The Court likewise understands the inconvenience that comes with supervised release. But the Court finds that the continued benefit Defendant will receive while remaining on supervised release compels the Court to deny Defendant's request for early termination. Therefore, the Motion (Doc. No. 88) is DENIED.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE